IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LUIS GUSTAVO DELGADO,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:20-cv-14

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Luis Delgado ("Delgado"), who is currently incarcerated at Big Spring Correctional Institution in Big Spring, Texas, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at D. Ray James Correctional Facility in Folkston, Georgia. Doc. 1. Respondent filed a Motion to Dismiss, and Delgado filed a Response. Docs. 7, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Delgado's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Delgado leave to appeal *in forma pauperis*.

### BACKGROUND

Delgado was convicted in the Southern District of Florida of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, and 851, and was sentenced to 60 months' imprisonment. Doc. 1 at 1; Doc. 7-1 at 8. He has a projected release date of February 2, 2022, via good conduct time release. Doc. 7-1 at 8. As a result of disciplinary hearing proceedings based on a Code 203 charge for threatening another

with bodily harm, Delgado was sanctioned with the loss of 27 days' good conduct time, 15 days' disciplinary segregation, and two months' commissary and telephone restrictions.  Doc. 1 at 2; Doc. 7-1 at 11–14.

## DISCUSSION

In his Petition, Delgado asserts there is no "relevant evidence" demonstrating he threatened an officer, yet there was evidence which would have exonerated him of the charge. Doc. 1 at 6.  Delgado contends he did not receive a copy of Officer Petroski's September 9, 2019 memorandum and only learned of this memo when he received the final disciplinary hearing officer ("DHO") report.  Id. at 10.  Delgado also contends he did not contradict himself, but the officers did.  Id. at 10–12.  Delgado contends his due process rights have been violated and asks that his good conduct time be restored.  Id. at 8.

**I.      Whether Delgado's Due Process Rights Were Violated**

Respondent argues Delgado's due process rights were not violated during the disciplinary proceedings, as he received all procedural protections he was due and the DHO's decision is supported by "some evidence."  Doc. 7 at 6–7, 8.

**A.      Disciplinary Proceedings**

To determine whether Delgado's right to due process was violated, the Court must determine what process was owed to Delgado.  A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and

present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit Court of Appeals has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Delgado was charged on September 8, 2019, with threatening another with bodily harm, in violation of Code 203, based on allegations he threatened an officer and his family.  Doc. 7-1 at 11.  A correctional staff member prepared an incident report, and Delgado was given a copy of the incident report the same day.  Id.  After the Unit Discipline Committee ("UDC") referred the matter, DHO Roger Perry conducted a disciplinary hearing on September 23, 2019.  Id.  Delgado waived his right to staff representation and called two witnesses, Officer A. West-Shelton and inmate Quintero Garcia-Juan, but did not present any documentary evidence.  Id.  Delgado was provided with translation assistance during the hearing.  Id.  Prior to the hearing, Delgado was advised of his rights before the DHO on September 17, 2019.  Id.  DHO Perry concluded the evidence supported a finding of Delgado having committed the prohibited act of threatening another with bodily harm, in violation of Code 203.  Id. at 12–13.

As set forth in the attachments to Respondent's pleading, the record clearly reflects Delgado received the required due process protections.  An incident report was issued on September 8, 2019, and Delgado received this incident report the same day.  Id. at 11.  Delgado was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on September 17, 2019.  Id.  He received a DHO hearing on September 23, 2019.  Id. Delgado attended the hearing, and his rights were again read and reviewed with him.  Delgado

declined to have a staff representative and did not present any documentary evidence, but he did call two witnesses who appeared at the hearing. Id. Following the hearing, DHO Perry detailed his factual and legal conclusions, and Delgado was provided with the DHO's written report on October 1, 2019. Id. at 14. Thus, the well-documented evidence unequivocally demonstrates Delgado received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact. Delgado complains he did not receive a copy of Officer Petroski's September 9, 2019 memorandum, but due process does not require Delgado was to be given a copy of that memorandum. Sparks v. Laughlin, CV 316-090, 2017 WL 988139, at *2–3 (S.D. Ga. Feb. 16, 2017) (noting due process only requires advance written notice of charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the DHO outlining evidence relied on and reasons for disciplinary action).

The Court should **GRANT** this portion of Respondent's Motion to Dismiss.

**B.     Some Evidence Supports the DHO's Findings**

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[1]

---

[1]     The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'")

"Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Delgado committed the changed offense of threatening another with bodily harm is supported by "some evidence."  Specifically, DHO Perry considered Officer Redburn's written report detailing Delgado's threat against him, the statements of Delgado's two witnesses during the disciplinary hearing, a memorandum from Officer Petroski, 47 still photographs printed from closed circuit television ("CCTV"), Delgado's self-identification from these 47 CCTV still photographs, and Delgado's contradictory statements made during the disciplinary process.  Doc. 7-1 at 12–13.  DHO Perry was free to characterize Delgado's statements as contradictory.  The record before the Court reveals Delgado received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit.

Thus, the Court should **GRANT** this portion of Respondent's Motion and **DENY** Delgado's Petition.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Delgado leave to appeal *in forma pauperis*.  Though Delgado has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

---

(quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Delgado's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Delgado *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Delgado's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Delgado leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA